THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>      Plaintiff,<br><br>v.<br><br>JOHN S. Clayton, FIRST EQUITY HOLDINGS CORP., STANDARD REGISTRAR AND TRANSFER CO., INC., DANIEL W. JACKSON, DONALD H. PERRY, CLARK M. MOWER, TIMOTHY J. RIEU, AND CHESAPEAKE GROUP, INC.; et al.,<br><br>      Defendants. | MEMORANDUM DECISION AND ORDER<br><br>Case No. 2:24-cv-918 RJS DBP<br><br>District Judge Robert J. Shelby<br><br>Chief Magistrate Judge Dustin B. Pead |

   This matter comes before the court are three related motions. Plaintiff Securities and Exchange Commission (SEC) moves the court seeking to compel discovery from Defendants John Clayton and First Equity Holdings Corp.[1] The SEC also seeks to strike Defendants' opposition to the Motion.[2] Finally, the SEC moves the court to compel discovery from Defendants Timothy J. Rieu and Chesapeake Group, Inc.[3] The court addresses the Motions below.

---

[1] Short Form Discovery Motion Seeking to Compel Discovery from Defendants John Clayton and First Equity Holdings Corp., ECF No. 84 (Clayton Discovery Motion).

[2] Plaintiff's Motion to Strike, ECF No. 88.

[3] Short Form Discovery Motion Seeking to Compel Discovery from Defendants Timothy J. Rieu and Chesapeake Group, Inc., ECF No. 86 (Rieu Discovery Motion).

## BACKGROUND

This case concerns an alleged securities fraud scheme to "secretly amass and then illegally sell stock of small, publicly traded companies."[4] Defendant Clayton "hid his stock ownership from investors, brokerage firms, and regulators by spreading shares among several business entities that he secretly controlled."[5] The SEC alleges Clayton illegally used a transfer agent he owned and controlled to remove restrictions on the stock owned by the business entities.[6] This allowed the stock to be deposited into brokerage firms and then sold in unregistered and unrestricted transaction. Before the business entities sold the stock, Clayton allegedly artificially inflated prices and trading volume.[7]

The SEC alleges many individuals who are also named as Defendants, aided and abetted Clayton in his scheme. This includes Defendant Donald Perry, who worked as Clayton's bookkeeper,[8] and First Equity Holdings, an operating entity through which Clayton managed real estate as well as securities.[9] The current dispute centers on discovery requests issued to Defendants from the SEC.

## LEGAL STANDARD

"As a general rule, discovery rulings are within the broad discretion of the trial court."[10] Broad discretion allows a trial court to effectively manage its docket.[11] As long as a court does

---

[4] Complaint ¶ 1, ECF No. 1.

[5] *Id.*

[6] *Id.* ¶¶ 10, 44–50, 76, 93. A "transfer agent" is a company that "issues and cancels certificates of a company's stock to reflect changes in ownership" and "track[s] whether shares are restricted from resale." *Id.* ¶ 44.

[7] *Id.* ¶¶ 1, 67, 69-70, 76, 86-87, 98, 118-21.

[8] *Id.* ¶ 7.

[9] *Id.* ¶ 18.

[10] *Cole v. Ruidoso Mun. Schools*, 43 F.3d 1373, 1386 (10th Cir. 1994).

[11] *See White Knuckle, IP, LLC v. Electronic Arts Inc.*, No. 1:15-cv-00036, 2015 WL 5022579, at *1 (D. Utah Aug. 24, 2015).

not make "a clear error of judgment or exceed[] the bounds of permissible choice in the circumstances," a court's "decision on discovery matters will not be disturbed" on review.[12]

Federal Rule 26 governs discovery. The rule states:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.[13]

## DISCUSSION

The court first addresses the SEC's Motion to Strike.[14]

I.      Motion to Strike

The SEC argues Defendants' Opposition to the Clayton Discovery Motion should be stricken because it was untimely, violated the word could limit, and attached exhibits failing to follow Local Rule 37-1(b)(3).[15] The Local Rules pertaining to short form discovery motions provide, that an "opposing party must file its response 5 business days after the filing of the motion", and the "response must not exceed 500 words, exclusive of caption and signature block and must not include any additional exhibits."[16]

---

[12] *Id*. (citation modified).

[13] Fed. R. Civ. P. 26(b)(1) Scope in General.

[14] ECF No. 88.

[15] Motion to Strike at 2.

[16] DUCivR 37-1(b)(3) (2024).

"Defendants acknowledge the opposition was filed after the five-day period, exceeded the 500-word limit, and included exhibits."[17] On its face the Motion to Stike should be granted. However, Defendants assert "extraordinary circumstances facing counsel"[18] warrant excusing Defendants' noncompliance with the Local Rules. "Shortly before the SEC filed its Motion to Compel, Defendants' lead counsel, Brent Baker, suffered the unexpected death of his mother (co-counsel Alex Baker's grandmother)."[19] Counsel was attending to funeral arrangements, family matters, and estate administration during the response period. Defendants assert excusable neglect under Federal Rule 6(b)[20] is warranted here and rely on this court's finding in *Mitchel v. Bank of New York Mellon*[21] in support of their position. In *Mitchel* this court excused an untimely filing because "the primary reason for the delay [was] a death in Plaintiff's counsel's family," which "is not within Plaintiff's control."[22] And, the delay of only one week, was of minimal prejudice to the opposing party. Given the circumstances, Defendants request an extension of time be given for their untimely filing and the court consider an amended opposition, which complies with the Local Rules, that is attached to the opposition as Exhibit A.

Due to the extraordinary circumstances here of a member of Plaintiff's counsel's family passing, the court is inclined to allow an extension to file the opposition. What is more troubling to the court is Plaintiff's counsel's failure to follow the length requirements and attaching

---

[17] Defendants' Opposition to Plaintiff's Motion to Strike and Extension of Time to File Opposition to Plaintiff's Short Form Motion to Compel at 2.

[18] *Id*

[19] *Id.*

[20] Federal Rule 6(b)(1)(B) provides "When an act may or must be done within a specified time, the court may, for good cause, extend the time: on motion made after the time has expired if the party failed to act because of excusable neglect."

[21] 2019 WL 77238, at *2 (D. Utah Jan. 2, 2019).

[22] *Id.*

exhibits. In baseball parlance, this would be three strikes against the Rule equating to an out. Nevertheless, the court will in this instance grant Plaintiff's request for an extension of time to file an opposition and consider the revised opposition attached to the opposition to strike. Future multiple failures to abide by the Rules will not be looked upon so favorably. The court therefore DENIES the Motion to Strike.

## II.     Clayton Discovery Motion

The SEC seeks to compel Joh Clayton and First Equity Holdings to respond to discovery. According to the SEC, these Defendants "have neither produced documents nor responded substantively to interrogatories."[23] The SEC therefore seeks "broad relief rather than raising particular disputed requests."[24] Paramount among the SEC's concerns, are whether these Defendants spoliated evidence, or instead, are improperly withholding it based on inappropriate objections.

In response, Defendants argue the SEC seeks "largely duplicative information" and mischaracterizes Defendants good-faith efforts to comply. Clayton has "repeatedly confirmed that he produced all responsive financial records and other documents in his possession during the investigative phase."[25] Defendants take issue with the amount of discovery propounded by the SEC, asserting the SEC has "far exceeded" the 30 interrogatives and 30 document requests. Next, Defendants aver the SEC fails to justify why it seeks ten years of records given the applicable five-year statute of limitations. Defendants have produced five years of records, which should be enough. Finally, Defendants argue it cannot produce materials it does not possess, or

---

[23] Clayton Discovery Motion at 2.

[24] *Id.*

[25] Defendants' Amended Opposition at 3, ECF No. 89-1.

reasonably access, and the SEC portrays Clayton's exercise of his Fifth Amendment rights in a negative light.

Given the current posture of the case being in the discovery phase, the court is not persuaded by Defendants' arguments. Defendants are ordered to fully respond to the interrogatories in this case and not rely on information produced in the investigation. Independently, the discovery that is produced or not produced, and that is available or unavailable, for this case, may form the basis of a future spoliation motion. Thus, the discovery requests should be responded to independent of the investigation. In addition, the Complaint in this matter alleges a securities fraud scheme from at least 2014 to 2024, so discovery may mirror the allegations in the Complaint and is not bound to a five-year period. Next, the court agrees that employee emails responsive to the discovery requests should be produced. As to the number of requests, this court addressed that issue in *SMHG Phase I LLC v. Eisenberg*.[26] The court noted that

> Rule 33 does not define "discrete subparts" or when certain "subparts" may count as more than one interrogatory. However, in its discussion on this issue, the Advisory Committee Note to the 1993 Amendment of Rule 33 provides: "a question asking about communications of a particular type should be treated as a single interrogatory even though it requests that the time, place, persons present, and contents be stated separately for each such communication."[27]

Based on this reasoning and leading commentators addressing the issue, the court noted that many district courts apply the "related question" or "common theme" test to determine the numerosity requirements under Rule 33. Essentially, "[s]ubparts directed toward a 'common

---

[26] No. 122CV00035DBBJCB, 2023 WL 2275182, at *1 (D. Utah Feb. 28, 2023)

[27] *Id.* (citation modified).

theme' should generally be counted as a single interrogatory, while 'subparts inquiring into discrete areas' are generally counted as multiple interrogatories.'"[28]

The parties are ORDERED to follow this same reasoning and apply it to the interrogatories at issue.

Having considered the SEC's arguments and Defendants' opposing assertions, the court is persuaded that the SEC's Motion should be granted. Defendants are to produce the requested discovery within thirty days of the automatic stay being lifted in this case. Defendants are further ORDERED by this same date to provide a signed affidavit outlining their discovery efforts, what was produced, and if certain discovery is unavailable, then note that in the affidavit. The affidavit should provide enough detail to help resolve the current discovery dispute.

### III. Rieu Discovery Motion

The SEC moves to compel discovery from Defendants Timothy Rieu and Chesapeake Group. These Defendants are charged with fraud and aiding and abetting Clayton in the alleged securities fraud scheme by engaging in "promotional and trading activity designed to allow Clayton to sell … into an artificial market."[29] The SEC's Motion "seeks to compel discovery on (1) identification of lost evidence; and (2) production of remaining information concerning stock promotion."[30] The information sought in the motion has been "repeatedly subpoenaed beginning in July 2023", however, Defendants did not produce the information and now, it is reportedly lost. Once again, the SEC is concerned about the possible spoliation of evidence.

In response, Defendants assert the SEC's Motion seeks information it already has or knows does not exist. Moreover, the database of "names, phone numbers and email addresses of

---

[28] *Id* at *2 (citation modified).

[29] Complaint at ¶ 014,

[30] Rieu Discovery Motion at 2.

financial community subscribers" is irrelevant based on the SEC's Complaint.[31] Despite these objections, Defendants have notified the SEC that Defendants "discovered on August 31, 2024 that the server containing the list was corrupted, after the investigation completed."[32] To this end, Rieu "provided sworn investigative testimony for 2 hours on August 8, 2024 and answered every conceivable question about pre-paid phones."[33] Concerning the server issues, Defendants further provide that they "described the circumstances of its discovery, its lack of knowledge of how and when the corruption occurred, the unsuccessful attempts to recover data, and the theft of the computer holding backup data."[34]

Based on Defendants representations it appears there is little for the court to compel. The SEC requests Defendants "specifically describe what documents and communications were lost, discarded, or destroyed."[35] This is a reasonable discovery request, and the court will order Defendants to provide this in the form of an affidavit.

Plaintiff also seeks the "remaining information about [Defendants'] investor network."[36] Chesapeake's timing of recommending certain stock purchases is allegedly relevant to the timing of when Clayton sold stocks. This timing, according to the SEC, could create an "artificial market" that benefitted Clayton. The court agrees that this information is relevant regardless of whether it involved misrepresentations. The timing of even truthful recommendations to buy or sell stock could have impacted the market for when Clayton sold stocks. Accordingly, the requested information about Defendants' investor network is to be

---

[31] Defendants Timothy J. Rieu and the Chesapeake Group Inc.'s Opposition at 2, ECF No. 90.

[32] *Id.* at 3.

[33] *Id.*

[34] *Id*. fn. 4.

[35] Rieu Discovery Motion at 2

[36] *Id.* at 3.

provided to the SEC. This case is governed by a protective order which will help minimize some of the risk to harming Defendants' business.

## ORDER

For the reasoning set forth above,

The SEC's Motion to Strike Memorandum in Opposition is DENIED;[37]

The SEC's Short Form Discovery Motion as to John Clayton and First Equity Holdings is GRANTED;[38] and

The SEC's Short Form Discovery Motion as to Timithy Rieu and Chesapeake is GRANTED as set forth above.[39]

All ordered discovery is to be produced within thirty days of the automatic stay being lifted in this case.

IT IS SO ORDERED.

DATED this 6 November 2025.

_____
Dustin B. Pead
United States Magistrate Judge

---

[37] ECF No. 88.

[38] ECF No. 84.

[39] ECF No. 86.