THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>                      Plaintiff,<br><br>v.<br><br>JOHN S. Clayton, FIRST EQUITY HOLDINGS CORP., STANDARD REGISTRAR AND TRANSFER CO., INC., DANIEL W. JACKSON, DONALD H. PERRY, CLARK M. MOWER, TIMOTHY J. RIEU, AND CHESAPEAKE GROUP, INC.; et al.,<br><br>                    Defendants. | MEMORANDUM DECISION AND ORDER<br><br>Case No. 2:24-cv-918 RJS DBP<br><br>District Judge Robert J. Shelby<br><br>Magistrate Judge Dustin B. Pead |

On May 1, 2026, the court held a hearing on the parties' Motions before the undersigned. Counsel for the parties appeared. After hearing arguments from the parties, the court entered a decision on the pending motions. This order memorializes the court's order at the hearing as follows:

Defendants' Amended Motion for Short Form Discovery (ECF No. 128) is DENIED. The court finds Interrogatory 4 and 5 too broad. Further, although there are concerns about the volume of the discovery provided by Plaintiff, the court finds Defendants are seeking a road map of the data from the SEC, which is not required here. The discovery is provided in accordance with industry practices and the case law relied on by Defendants is not compelling or persuasive enough to require further refinement of the data. The court also notes that there will be forthcoming expert reports and Defendants may still designate a rebuttal expert that will address the discovery concerns.

Defendants' Motion to Compel Discovery (ECF No. 132) is DENIED. The court had the parties pull up the data during the hearing. Although it may not be opened in a specific program such as Relativity, it is still usable by programs such as Microsoft Excel. The court further accepts Plaintiff's Counsel's offer from Mr. Mawn to meet with Defendant's counsel, Alex or Brant Baker, in the next week to walk through the data. The court finds the data has been provided in a reasonable usable form.

Plaintiff's Motion for Protective Order (ECF No. 134) is GRANTED. The court finds the *Shelton* factors as applied by this court are not present.[1] The SEC has provided the sought after information. Further the court is not persuaded by Defendant's claims regarding Mr. Bazil. And finally, the court rejects Defendants' position that it is crucial to the preparation of their case.

Plaintiff's Motion for Protective Order (ECF No. 142) is GRANTED. The court rejects Defendants' arguments that the privilege was waived via exhibits that are compilations or summaries of lines from bank statements placed into spreadsheets. Further, the information was prepared in anticipation of litigation and is protected under work product and the deliberative process privileges. The SEC did not plead a $2.4 million disgorgement demand in the amended complaint and Defendants' requests for this information, is at best, premature.

The court previously granted Defendants' John Clayton, First Equity Holdings Corp, and Investrio, Inc.'s Short Form Discovery Motion (ECF No. 146), staying the depositions of Mr. Rieu and Mr. Clayton pending further rulings on the discovery motions.[2] In this Motion

---

[1] Counsel for a party may be deposed in limited circumstances: "when the party seeking to take the deposition can demonstrate that '(1) no other means exist to obtain the information than to depose opposing counsel; (2) the information sought is relevant and nonprivileged; and (3) the information is crucial to the preparation of the case.'" *Capana Swiss Advisors AG v. Rymark, Inc.*, 2024 WL 4564551, at *2 (D. Utah Oct. 24, 2024) (quoting *Shelton v. American Motors Corp.*, 805 F.2d 1323 (8th Cir. 1986)); *see also Boughton v. Cotter Corporation*, 65 F.3d 823 (10th Cir. 1995) (approving and adopting the criteria set forth in *Shelton*)

[2] Order Granting Defendants' Short Form Discovery Motion for Protective Order, ECF No. 156.

Defendants also seek the production of documents withheld on the SEC's July 25, 2026, and January 8, 2026, privilege logs and asset waiver based on facial inadequacy. The court is not persuaded by Defendants' arguments, however, there is some utility in ordering the SEC to update the privilege logs into smaller blocks, such as groups of 100 or 50 identifying recipients. This matter is distinguishable from *SEC v. Yorkville Advisors, LLC*,[3] relied on by Defendants, because there was no delay, untimely changing of the privilege log, and the communications here are internal unlike those in *Yorkville*. Finally, the factors in *U.S. v Magnesium Corp. of America* permitting a summary of withheld documents by category are present here.[4] However, the SEC is ordered to provide an updated privilege log within twenty-one days from the date of this order.

Defendants' Motion to Compel (ECF No. 147) is DENIED. There is no basis to require further answers to Interrogatory No. 26 as the SEC has provided the information. The court rejects any arguments inferring some type of misconduct by the SEC in discussing the case with Mr. Bazil.

Defendants' Motion for a Protective Order staying the depositions of Timothy Rieu and John Clayton (ECF No. 148) is GRANTED IN PART AND DENIED IN PART. The court is giving additional time of 60 days for the depositions to occur. But the court is not granting additional time for the production of any discovery by the SEC, except for the requirement that the SEC update its privilege log.

---

[3] 300 F.R.D. 152 (S.D.N.Y. 2014).

[4] *United States v. Magnesium Corp. of Am.*, No. 2:01-CV-00040 DB, 2006 WL 1699608, at \*5 (D. Utah June 14, 2006), modified in part, No. 2:01CV40 DB, 2006 WL 2350155 (D. Utah Aug. 11, 2006) (circumstances permitting summaries of withheld documents include cases where "'(a) a document-by-document listing would be unduly burdensome and (b) the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing whether the privilege claim is well grounded.'") (quoting *SEC v. Thrasher*, 1996 WL 125661, at \*1 (S.D.N.Y. Mar. 20 1996)).

Defendants' Motion for Extension of Time (ECF No. 154) is GRANTED as to expert discovery being extended by four weeks for all parties. Defendants may also identify a rebuttal expert. The Motion is denied as to any requested extension for fact discovery. The parties are ORDERED to submit a new proposed schedule to the court within seven days from the date of this order.

Defendant Standard Registrar & Transfer Co., Inc.'s Motion for Extension of Time (ECF No. 177) is DENIED. However, the court ORDERS the SEC to engage in an enhanced meet and confer with Standard's counsel providing more information, including documents, regarding this case so Standard can decide how to best move forward. The court believes Standard to be a minor player in this case. The enhanced meet and confer is to be completed within 30 days from the date of this order.

IT IS SO ORDERED.

DATED this May the 4th 2026.

_____
Dustin B. Pead
United States Magistrate Judge

4