THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>                Plaintiff,<br><br>v.<br><br>JOHN S. Clayton, FIRST EQUITY HOLDINGS CORP., STANDARD REGISTRAR AND TRANSFER CO., INC., DANIEL W. JACKSON, DONALD H. PERRY, CLARK M. MOWER, TIMOTHY J. RIEU, AND CHESAPEAKE GROUP, INC.; et al.,<br><br>                Defendants. | MEMORANDUM DECISION AND ORDER<br><br>Case No. 2:24-cv-918 RJS DBP<br><br>District Judge Robert J. Shelby<br><br>Chief Magistrate Judge Dustin B. Pead |

Jeanne Ball, a nonparty in this matter, seeks to quash a subpoena from Plaintiff the Securities and Exchange Commission (Commission), or in the alternative, requests a protective order defining the boundaries of any deposition.[1] Defendant Daniel Jackson, joins in Ball's Motion, incorporating by reference her arguments.[2] As set forth herein, the court grants the motion to quash but will allow the Commission to serve a new subpoena providing for a reasonable time to comply.[3]

---

[1] Motion to Quash Subpoena and for Protective Order to Stay Deposition (Ball Motion), ECF No. 171.

[2] Joinder in Support of Jeanne Ball's Motion to Quash Subpoena and for Protective Order, ECF No. 172.

[3] These motions were referred to the undersigned from District Judge Robert J. Shelby on June 12, 2026. ECF No. 200.

**BACKGROUND**

This case concerns an alleged securities fraud scheme to "secretly amass and then illegally sell stock of small, publicly traded companies."[4] The SEC alleges Defendant Clayton "hid his stock ownership from investors, brokerage firms, and regulators by spreading shares among several business entities that he secretly controlled."[5] Clayton used a transfer agent he owned and controlled to remove restrictions on the stock owned by the business entities.[6] This allowed the stock to be deposited into brokerage firms and then sold in unregistered and unrestricted transaction. Before the business entities sold stock, Clayton allegedly artificially inflated prices and trading volume.[7] The SEC alleges many individuals who are also named as Defendants, aided and abetted Clayton in his scheme.

The current dispute centers on a subpoena issued to Jeanne Ball a nonparty to this matter. The Commission issued the subpoena on April 11, 2026, notifying her that the deposition would take place on April 16, 2026. Defendant Daniel Jackson joins in Ball's opposition the subpoena. Ball is employed by Jackson as a secretary.

**DISCUSSION**

I.      **Motion to Quash**

Federal Rules of Civil Procedure 30 and 45 provide guidance for the current dispute. Rule 30 states that a party "who wants to depose a person by oral questions must give reasonable written notice to every other party."[8] Rule 45 provides that the party or attorney "responsible for

---

[4] Complaint ¶ 1, ECF No. 1.

[5] *Id.*

[6] *Id.* ¶¶ 10, 44–50, 76, 93. A "transfer agent" is a company that "issues and cancels certificates of a company's stock to reflect changes in ownership" and "track[s] whether shares are restricted from resale." *Id.* ¶ 44.

[7] *Id.* ¶¶ 1, 67, 69-70, 76, 86-87, 98, 118-21.

[8] Fed. R. Civ. P. 30(b)(1).

issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena."[9] Rule 45 also provides that the court "must quash or modify a subpoena" that "fails to allow a reasonable time to comply;" "requires disclosure of a privileged or other protected matter, if no exception or waiver applies" or "subjects a person to undue burden."[10]  The Rules do not define "reasonable time" or what are "reasonable steps" to avoid imposing an undue burden or expense. However, many courts have found that anything less than fourteen days from the date of service is not reasonable.[11]

Ball argues that the Subpoena is defective because it violates Rules 30 and 45 of the Federal Rules. The Commission seeks to excuse the short time frame for compliance based on what occurred. The Commission deposed James Ball, who based on discovery responses from Defendants, served as the head of Klaja. Near the end of Mr. Ball's deposition, counsel for Jackson and Klaja had the following exchange with Mr. Ball:

> Q Mr. Ball, your wife is Jeanne Ball, correct?
> A Correct.
> Q Do you and Ms. Ball share finances, bank accounts, et cetera?
> A Yes.
> Q Do you have equal authority to make financial decisions in your household?
> A Yes.
> Q Is it fair to say that to the extent that Jeanne Ball took any action on behalf of Klaja, she would have implicit authority to do so from you?

---

[9] Fed. R. Civ. P. 45(d)(1).

[10] *Id* at 45(d)(3).

[11] *See SEC v. Art Intellect, Inc.*, No. 2:11-CV-00357-TC-DN, 2012 WL 776244, at *3 (D. Utah Mar. 7, 2012) (finding three days is unreasonable and imposes an undue burden); *Mann v. Univ. of Cincinnati*, 114 F.3d 1188 (Table), Nos. 95–3195, 95–3292, 1997 WL 280188, at *5 n. 5 (6th Cir. May 27, 1997) (approving magistrate judge's finding that fourteen days' notice is reasonable), with *Cris v. Fareri*, No. 10–1926, 2011 WL 4433961, at *2 (D.Conn. Sept.22, 2011) (less than two days not reasonable); *Nelson v. Granite State Ins*. Co., No. 08–1165, 2010 WL 908845, at *1 (W.D.Okla. Mar.10, 2010) (fourty-eight hours not reasonable); *Mem'l Hospice, Inc. v. Norris*, No. 08–048, 2008 WL 4844758, at *1 (N.D.Miss. Nov. 5, 2008) (three days not reasonable; eight days not reasonable); *Tri Invs., Inc. v. Aiken Cost Consultants*, Inc., No. 11–04, 2011 WL 5330295, at *2 (W.D.N.C. Nov.7, 2011) (six days not reasonable); In re Stratosphere Corp. Sec. Litig., 183 F.R.D. 684, 687 (D.Nev.1999) (six days not reasonable); *Donahoo v. Ohio Dept. of Youth Servs.*, 211 F.R.D. 303, 306 (N.D.Ohio 2002) (one week not reasonable); *Brown v. Hendler*, No. 09–4486(RLE), 2011 WL 321139, at *2 (S.D.N.Y. Jan.31, 2011) (nine days not reasonable). *But see P.S. v. Farm, Inc.*, No. 07–2210, 2009 WL 483236, at *4 (D.Kan. Feb.24, 2009) (finding five days reasonable under a local court rule defining "reasonable written notice" under Rule 30 as "five days").

A Yes.[12]

Discovering that Ms. Ball was involved with Klaja a named relief Defendant, the Commission reached out the next day on April 7, 2026, seeking to serve Ms. Ball. The fact discovery deadline was April 17, 2026, and the Commission sought to get an extension of that deadline from Ms. Ball for her deposition. Unable to obtain a response, the Commission served Ms. Ball on April 11, 2026, after trying to serve her unsuccessfully the day before.

While this helps explain the expedited nature of the Commission's Subpoena, there is no explanation concerning why the Commission could not have conducted Mr. Ball's deposition earlier and learned about Ms. Ball involvement with Klaja. Thus, the court agrees that the Subpoena failed to allow a reasonable time to comply imposing an undue burden on Ball.[13] This does not however prevent Ms. Ball from being deposed. Based on the factual nature of the dispute, including Klaja's response to interrogatories that "James Ball is the sole member and owner of [Klaja],"[14] coupled with his testimony of Ms. Ball's involvement with Klaja, leads the court to find that Ms. Ball's deposition should move forward.

## II.     Motion for Protective Order

In the alternative, Ball and Defendant Jackson seek a protective order to govern any deposition. Ball asserts she is entitled to a protective order because the deposition would seek marital communications with her husband Mr. Ball, which are protected by the spousal privilege, or it would seek attorney-client communications because Ball is an employee of Defendant Jackson who is an attorney.

---

[12] Opposition to Ball's Motion Ex. A at 38, Tr. 147-148.

[13] *See Art Intellect*, 2021 WL 726344 at *3.

[14] Klaja's Amended Responses to Interrogatories attached as Ex. F to Opposition to Motions to Quash Subpoena and Protective Orders at 9, ECF No. 175-6.

As noted by this court previously, the "Federal Rules of Civil Procedure do not themselves exempt attorneys from being a source of discoverable facts."[15] Rule 26 allows discovery of "any matter not privileged, which is relevant to the subject matter involved in the pending action"[16] and Rule 30 allows the deposition of "any person."[17] "Attorneys are not immune from depositions when they possess discoverable information that is relevant to the case."[18] Thus, it follows, that even if the attorney-client privilege extends to Ball because she is the subordinate of an attorney, the privilege itself does not foreclose her deposition if she has discoverable information relevant to the case. Ball admits in her reply, that her "actions on behalf of Klaja, including gathering documents, may not themselves be privileged."[19]  Thus, it appears Ball has relevant information to this case that is discoverable.

Rule 26 provides that "[p]arties may obtain discovery regarding nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, …."[20] In determining the scope of discovery, the court considers the "importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit."[21] Further, Rule 26 provides limits for discovery. A court must limit discovery if

> (i) the discovery sought is unreasonably cumulative or duplicative, or can be
> obtained from some other source that is more convenient, less burdensome, or less

---

[15] *Art Intellect*, 2021 WL 726344 at *3 (quoting *United Phosphorus, Ltd. v. Midland Fumigant, Inc.*, 164 F.R.D. 245, 247 (D.Kan.1995)).

[16] Fed. R. Civ. P. 26(b)(1).

[17] Fed. R. Civ. P. 30.

[18] *Sorenson v. Riffo*, No. 06–749, 2008 WL 2465454, at *5 (D. Utah June 16, 2008).

[19] Reply Memorandum at 4, ECF No. 181.

[20] Fed. R. Civ. P. 26(b)(1).

[21] *Id.*

expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1).[22]

In *Art Intellect*, this court addressed whether a protective order should limit the deposition scope of an attorney that the Commission sought to depose. The individual seeking a protective order in *Art Intellect* expressed many of the same concerns as those expressed by Ball here. These included privilege concerns and seeking assurances from the court that the questioning would be limited to certain topics. This court rejected those arguments, reasoning that a protective order was unnecessary because under the Federal Rules parties may only acquire information that is not privileged. The court determined that the "scope of the deposition testimony will not be limited in advance by an attempt to establish bright lines around what is "privileged" and "not privileged" communication."[23]

The court is persuaded that the same line of reasoning applies here under the Federal Rules.[24] Rule 26 does not warrant a protective order for Ball and the court will not limit the scope of the deposition testimony in advance. The court expects all counsel to cooperate in conducting a fair deposition of Ms. Ball. In many respects it is Klaja, its counsel, and Mr. Ball that created the current situation necessitating Ms. Ball's deposition and the court expects Ms. Ball and her counsel to fully cooperate under the Rules.

## ORDER

For the reasoning set forth above,

---

[22] *Id.* at (b)(2)(C).

[23] *Art Intellect*, 2012 WL 776244, at *4.

[24] The *Art Intellect* court followed the reasoning of *United Phosphorus, Ltd. v. Midland Fumigant, Inc.*, 164 F.R.D. 245, 247 (D.Kan.1995), which is also persuasive here.

Jeanne Ball's Motion to Quash Subpoena is GRANTED. The Commission however may serve a new subpoena with a reasonable time to comply. Ms. Ball's Motion for a Protective Order is DENIED.

Defendant Jackson's Joinder in Jeanne Ball's Motion to Quash is granted in part and denied in part following the ruling on Jeanne Ball's Motion.

The fact deadline is extended to allow for the deposition of Ms. Ball.

IT IS SO ORDERED.

DATED this 16 July 2026.

_____
Dustin B. Pead
United States Magistrate Judge