THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br>v.<br><br>JOHN S. Clayton, FIRST EQUITY HOLDINGS CORP., STANDARD REGISTRAR AND TRANSFER CO., INC., DANIEL W. JACKSON, DONALD H. PERRY, CLARK M. MOWER, TIMOTHY J. RIEU, AND CHESAPEAKE GROUP, INC.; et al.,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER<br><br>Case No. 2:24-cv-918 RJS DBP<br><br>District Judge Robert J. Shelby<br><br>Chief Magistrate Judge Dustin B. Pead |

This matter comes before the court on Plaintiff's, Securities and Exchange Commission (Commission), Motion for Leave to Issue a Rule 45 Subpoena to AT&T.[1] The Commission seeks Defendant Daniel Jackson's text message records. Defendant Jackson consents to the Motion. Defendants John Clayton, First Equity Holdings Corp. and Investrio, Inc. (Clayton Defendants) oppose the Motion. Having considered the parties' respective positions and the record in this case, the court grants the motion as set forth herein.

## BACKGROUND

This case concerns an alleged securities fraud scheme to "secretly amass and then illegally sell stock of small, publicly traded companies."[2] The Commission alleges Defendant Clayton "hid his stock ownership from investors, brokerage firms, and regulators by spreading

---

[1] Plaintiff's Motion for Leave to Issue a Rule 45 Subpoena to AT&T, ECF No. 186.

[2] Complaint ¶ 1, ECF No. 1.

shares among several business entities that he secretly controlled."[3] Clayton used a transfer agent he owned and controlled to remove restrictions on the stock owned by the business entities.[4] This allowed the stock to be deposited into brokerage firms and then sold in unregistered and unrestricted transaction. Before the business entities sold the stock, Clayton allegedly artificially inflated prices and trading volume.[5] The Commission alleges many individuals who are also named as Defendants, aided and abetted Clayton in his scheme.

## LEGAL STANDARD

"As a general rule, discovery rulings are within the broad discretion of the trial court."[6] Broad discretion allows a trial court to effectively manage its docket.[7] A subpoena served on a third party pursuant to Rule 45 of the Federal Rules of Civil Procedure, such as the one sought by the Commission here, is considered discovery within the meaning of the Rules.[8] Generally, parties "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, …."[9]

Pertinent here is the timing of the discovery sought by the Commission since it is after the written discovery deadline. This court has noted that several legal standards are considered when seeking discovery after a deadline expires. First under Fed. R. Civ. P. 6(b)(1)(B) the court

---

[3] *Id.*

[4] *Id.* ¶¶ 10, 44–50, 76, 93. A "transfer agent" is a company that "issues and cancels certificates of a company's stock to reflect changes in ownership" and "track[s] whether shares are restricted from resale." *Id.* ¶ 44.

[5] *Id.* ¶¶ 1, 67, 69-70, 76, 86-87, 98, 118-21.

[6] *Cole v. Ruidoso Mun. Schools*, 43 F.3d 1373, 1386 (10th Cir. 1994).

[7] *See White Knuckle, IP, LLC v. Electronic Arts Inc*., No. 1:15-cv-00036, 2015 WL 5022579, at *1 (D. Utah Aug. 24, 2015).

[8] *Alfwear, Inc. v. Kulkote, LLC*, No. 2:19-CV-00027-CW-JCB, 2020 WL 4196446, at *1 (D. Utah July 21, 2020).

[9] Fed. R. Civ. P. 26(b)(1).

considers whether both "good cause" and "excusable neglect" may be shown.[10] The court also looks to Fed. R. Civ. P. 16(b)(4) where a "schedule may be modified only for good cause and with the judge's consent."[11] And finally, under Fed. R. Civ. P. 29(b) parties may not stipulate to extend the discovery deadlines without a court order.[12]

**DISCUSSION**

The current dispute centers on discovery sought by the Commission after the close of written discovery. Written discovery closed on March 6, 2026. In a meet and confer with Defendant Jackson's counsel on May 5, 2026, concerning certain ongoing discovery questions, Plaintiff learned that Jackson "has a practice of not keeping text messages" and that "Jackson did not change that practice after receiving a subpoena from the SEC."[13] After learning this, the Commission undertook a review of discovery to try and determine the scope of the potentially deleted messages that may be missing. Some of the messages were produced by Defendant Clayton, yet others appear to be missing. The Commission now seeks those messages via the issuance of a Rule 45 subpoena to Jackson's carrier AT&T.

The Commission argues there was no delay in its request and good cause exists to issue the subpoena. The issue of potential spoilation first came to the Commission's attention in a "good faith meet-and-confer process with Jackson's counsel regarding the discovery response" and the Commission is now immediately raising it with the court.[14] Finally, the Commission

---

[10] *Williams Field Servs. Co., LLC v. Lightning Constr. Co., Inc.*, No. 2:23-CV-00455-DAK-JCB, 2025 WL 961513, at *2 (D. Utah Mar. 31, 2025) (noting that because a party "seeks to extend the fact discovery deadline two months after its expiration to complete … depositions, the court must consider Fed. R. Civ. P. 6(b)(1)(B) and whether [the party] can demonstrate both "good cause" and "excusable neglect.").

[11] Fed. R. Civ. P. 16(b)(4).

[12] Fed. R. Civ. P. 29(b); *see also Williams*, 2025 WL 961513, at *2.

[13] Motion at 2 (quoting May 5, 2026, email to J. Trousdale attached as Ex. A to the Motion).

[14] Reply at 2, ECF No. 193.

should not be estopped from seeking the "narrow subpoena" to address the potential spoilation issue based on its earlier position opposing a blanket extension of discovery that was sought by Defendants.

Defendant Jackson consents to the Commission's Motion to issue the Rule 45 subpoena and does not oppose the Motion. The Clayton Defendants, however, oppose the request. The Clayton Defendants note the Commission seeks an exemption from the court's scheduling order when the court has already denied a motion to extend the fact discovery deadline. They argue a private agreement between Jackson and the Commission cannot overcome Rule 16(b)(4)'s requirement of good cause. Moreover, the Commission cannot show the necessary excusable neglect under Rule 6's requirement. The Commission possessed the "exact comparator data it now relies upon for over four months while fact discovery remained open."[15] Thus, the Commission cannot demonstrate diligence in not pursuing the foreseeable discovery.

First, the court is persuaded that the Commission is not estopped from seeking the subpoena. The purpose of judicial estoppel "is to protect the integrity of the judicial process by prohibiting parties from deliberately changing positions according to the exigencies of the moment.... [and] to prevent improper use of judicial machinery."[16] Thus, "judicial estoppel is an equitable doctrine invoked by a court at its discretion."[17] The court's prior order, for which the Commission argued, prevented a blanket extension of discovery not a narrow exception as is currently sought. Furthermore, the Commission did not learn about the potentially missing

[15] Opposition at 4, ECF No. 192.

[16] *New Hampshire v. Maine*, 532 U.S. 742, 749–50, 121 S.Ct. 1808, 149 L.Ed.2d 968 (2001) (citation modified).

[17] *Id*. at 750, 121 S.Ct. 1808 (citation modified).

discovery until engaging in a meet-and-confer process with Jackson. None of the relevant factors weigh in favor of applying judicial estoppel here.[18]

Next, The Tenth Circuit has noted that good cause and excusable neglect are not identical but are interrelated.[19] The Tenth Circuit has stated:

> Without attempting a rigid or all-encompassing definition of good cause, it would appear to require *at least as much as* would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice, and some showing of good faith on the part of the party seeking the enlargement and some reasonable basis for noncompliance within the time specified is normally required.[20]

"[G]ood cause' requires a greater showing than 'excusable neglect."[21] "Good cause comes into play in situations in which there is no fault—excusable or otherwise. In such situations, the need for an extension is usually occasioned by something that is not within the control of the movant."[22] "It requires the moving party to show the deadline cannot be met despite the movant's diligent efforts."[23]

Looking first at good cause, although the Commission possessed at least some of the text messages from Jackson, it did not, indeed, it could not, know that some of those messages may be missing until the Commission learned of this from Jackson. Good cause comes into play in a

---

[18] In *Eastman v. Union Pacific R. Co.,* 493 F.3d 1151 (10th Cir. 2007), the Tenth Circuit noted that three factors "typically inform the decision" about the applicability of estoppel in a certain case. "First, a party's subsequent position must be 'clearly inconsistent' with its former position. Next, a court should inquire whether the suspect party succeeded in persuading a court to accept that party's former position, 'so that judicial acceptance of an inconsistent position in a later proceeding would create the perception that either the first or the second court was misled[.]' Finally, the court should inquire whether the party seeking to assert an inconsistent position would gain an unfair advantage in the litigation if not estopped." *Id.* at 1156 (citation modified).

[19] *In re Kirkland*, 86 F.3d 172, 175 (10th Cir. 1996); *Putnam v. Morris*, 833 F.2d 903, 905 (10th Cir. 1987).

[20] *In re Kirkland*, 86 F.3d at 175 (emphasis in original) (citation modified), *see also Putnam*, 833 F.2d at 905.

[21] *In re Kirkland*, 86 F.3d at 175.

[22] *Utah Republican Party v. Herbert*, 678 F. App'x 697, 700-01 (10th Cir. 2017) (citation modified).

[23] *Id.* at 701 (citation modified).

situation just as this – where the party is not at fault for something out of its control. The court finds good cause for the Commission to seek the requested discovery.

In considering whether excusable neglect is shown, a court considers all relevant circumstances surrounding a party's omission. These include four relevant factors, which are: (1) the danger of prejudice to the nonmoving party; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was in the reasonable control of the movant; and (4) whether the movant acted in good faith.[24] The Tenth Circuit has held that the third factor, fault in the delay, is "perhaps the most important single factor—in determining whether neglect is excusable."[25]

The Clayton Defendants argue the danger of prejudice "is high" because reopening discovery after the cutoff, disrupts Defendants' case preparations. The court is not persuaded by Defendants' arguments. Any missing text messages involving Clayton and Jackson should already be known by the Clayton Defendants and should not be a surprise. Rather, it appears the real prejudice feared by Defendants, is the fact that those missing messages may contain damaging information. That type of discovery does not weigh against finding excusable neglect.

Next, the length of delay and impact on judicial proceedings is minimal. And the reason for the delay arises from Jackson's conduct and habit of destroying text messages, not from the conduct of the Commission. Fault in delay is often the most important single factor, and that

---

[24] *Miller v. Power*, No. 2:20-cv-00210, 2023 WL 6976602, at *1 (D. Utah Oct. 23, 2023) (unpublished) (citing *Pioneer Inv. Servs. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 391, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993)); *see also Shifers v. Arapahoe Motors, Inc*., No. 17-CV-01753-CMA-KLM, 2018 WL 6620866, at *3 (D. Colo. Dec. 18, 2018) (providing that although the Pioneer Court's "discussion of excusable neglect ... concerned Bankruptcy Rule 9006(b)(1), ... its analysis rested on the plain meaning of the terms.... Accordingly, the Court of Appeals for the Tenth Circuit has extended the Pioneer standard of excusable neglect to motions arising under ...Federal Rule of Civil Procedure 6(b)" (citing multiple Tenth Circuit cases) (citation modified).

[25] *City of Chanute, Kan. v. Williams Nat. Gas Co*., 31 F.3d 1041, 1046 (10th Cir. 1994) (citing *United States v. Andrews*, 790 F.2d 803, 806 (10th Cir.1986) (finding excusable neglect where filing delay occurred because defendant was seriously ill, heavily medicated, and not represented by counsel)).

fault lies with Jackson not the Commission. Finally, the court finds the Commission acted in good faith in seeking the potentially missing messages quickly after learning about them.

Given the facts before it, the court finds that both good cause and excusable neglect are shown.

**ORDER**

For the reasoning set forth above,

The Commission's Motion for Leave to Issue a Rule 45 Subpoena to AT&T is GRANTED.[26] The Commission is to issue the subpoena within fourteen (14) days from the date of this order.

IT IS SO ORDERED.

DATED this 31 August 2026.

Dustin B. Pead
United States Magistrate Judge

[26] Plaintiff's Motion for Leave to Issue a Rule 45 Subpoena to AT&T, ECF No. 186.