THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br>v.<br><br>JOHN S. Clayton, FIRST EQUITY HOLDINGS CORP., STANDARD REGISTRAR AND TRANSFER CO., INC., DANIEL W. JACKSON, DONALD H. PERRY, CLARK M. MOWER, TIMOTHY J. RIEU, AND CHESAPEAKE GROUP, INC.; et al.,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER<br><br>Case No. 2:24-cv-918 RJS DBP<br><br>District Judge Robert J. Shelby<br><br>Magistrate Judge Dustin B. Pead |

Defendants John Clayton, First Equity Holdings Corp. and Investrio, Inc. (Clayton Defendants) move the court to compel the Securities and Exchange Commission (Commission) to produce documents in the revised privilege log.[1] As set forth herein the court will deny the motion.

**BACKGROUND**

This case concerns an alleged securities fraud scheme to "secretly amass and then illegally sell stock of small, publicly traded companies."[2] The Commission alleges Defendant Clayton "hid his stock ownership from investors, brokerage firms, and regulators by spreading shares among several business entities that he secretly controlled."[3]

---

[1] Defendants First Equity Holdings Corp., John S clayton, and Investrio, Inc.'s Motion to Compel and Request for Sanctions, ECF No. 198.

[2] Complaint ¶ 1, ECF No. 1.

[3] *Id.*

On May 1, 2026, the court held a hearing on several motions filed by the parties.[4] This included hearing argument on the Clayton Defendants request for producing documents withheld in the Commission's July 25, 2026, and January 8, 2026, privilege logs. The court denied Defendants' request rejecting arguments of waiver and found this case distinguishable from the authority relied on by Defendants, *SEC v. Yorkville Advisors, LLC*.[5] The court further found the factors in *U.S. v Magnesium Corp. of America* present in the instant case, which permits a summary of withheld documents by category rather than a document-by-document listing.[6] The court, however, found some utility in having the Commission produce an updated privilege log breaking down "the privilege logs into smaller blocks, such as groups of 100 or 50 identifying recipients."[7]

The Commission produced its revised privilege log on May 13, 2026. The Clayton Defendants take issue with this production asserting it fails to comply with the Federal Rules of Civil Procedure. And after being given an opportunity to cure the log and allegedly failing to do so, the Clayton Defendants seek an order compelling the production of the withheld documents, a finding that the Commission has failed to comply with its discovery obligations, and that all assertions of privilege are waived as a sanction under Rule 37(b)(2)(A).[8]

---

[4] ECF No. 184.

[5] 300 F.R.D. 152 (S.D.N.Y. 2014).

[6] *United States v. Magnesium Corp. of Am*., No. 2:01-CV-00040 DB, 2006 WL 1699608, at *5 (D. Utah June 14, 2006), modified in part, No. 2:01CV40 DB, 2006 WL 2350155 (D. Utah Aug. 11, 2006) (circumstances permitting summaries of withheld documents include cases where "'(a) a document-by-document listing would be unduly burdensome and (b) the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing whether the privilege claim is well grounded.'") (quoting *SEC v. Thrasher*, 1996 WL 125661, at *1 (S.D.N.Y. Mar. 20, 1996)).

[7] Memorandum Decision and Order at 3, ECF No. 180.

[8] Rule 37(b)(2)(A) provides for sanctions when a party fails to obey a discovery order.

## DISCUSSION

Federal Rule 26(b)(5)(A) provides

> When a party withholds information otherwise discoverable by claiming that the information is privileged or subject to protection as trial-preparation material, the party must:
>
> (i) expressly make the claim; and
>
> (ii) describe the nature of the documents, communications, or tangible things not produced or disclosed--and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim.[9]

The Clayton Defendants argue the Commission has failed to comply with this Rule and cannot simply bypass the burden by labeling files as "internal." Continuing, Defendants assert a "party cannot group internal documents under broad categories while simultaneously stating that the asserted privileges do not uniformly apply to each document in the category."[10] The Commission's internal document labeling, therefore, does not resolve the defect in its privilege log. The Clayton Defendants again cite to *Yorkville* arguing the Commission has replicated the problems in *Yorkville* as the revised privilege log leaves three critical defects uncured "the categorical mismatching of privileges, the omission of attachments, and the reliance on 'undue Burden' to withhold descriptions".[11] Finally, the Clayton Defendants argue this is not a rehash of the prior discovery dispute claiming the "prior denial hinged on the SEC curing its defective log by breaking its categorical logs of the documents themselves into smaller blocks."[12]

The court finds these arguments unpersuasive. The Clayton Defendants misconstrue the court's prior order. The court rejected *Yorkville* and adopted *United States v. Magnesium*. The

---

[9] Fed. R. Civ. P. 36(b)(5)(A).

[10] Motion at 11.

[11] *Id.* at 4 fn. 1.

[12] *Id.* at 4 fn. 2.

court found the factors in *Magnesium* are appropriate here: (1) a document-by-document listing is unduly burdensome and (2) the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing whether the privilege claim is well grounded.[13] The court did not base its decision on a "defective log" as asserted by the Clayton Defendants, or whether the Commission cured a "defective log." Rather, the court found "some utility" in ordering a revised log but nowhere in its order did the court use the word defective, much less find the log defective.[14] Defendants offer nothing convincing to alter the court's prior decision.

**ORDER**

For the reasoning set forth above the court DENIES Defendants' Motion to Compel and Request for Sanctions.

IT IS SO ORDERED.

DATED this 2 September 2026.

Dustin B. Pead
United States Magistrate Judge

[13] *See Magnesium*, 2006 WL 1699608, at *5.

[14] In the order the court stated: "The court is not persuaded by Defendants' arguments, however, there is some utility in ordering the SEC to update the privilege logs into smaller blocks, such as groups of 100 or 50 identifying recipients. This matter is distinguishable from *SEC v. Yorkville Advisors, LLC*, relied on by Defendants, because there was no delay, untimely changing of the privilege log, and the communications here are internal unlike those in *Yorkville*. Finally, the factors in *U.S. v Magnesium Corp. of America* permitting a summary of withheld documents by category are present here." Memorandum Decision and Order at 3, ECF No. 180.