THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br>v.<br><br>JOHN S. Clayton, FIRST EQUITY HOLDINGS CORP., STANDARD REGISTRAR AND TRANSFER CO., INC., DANIEL W. JACKSON, DONALD H. PERRY, CLARK M. MOWER, TIMOTHY J. RIEU, AND CHESAPEAKE GROUP, INC.; et al.,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER GRANTING MOTION TO FILE UNDER SEAL<br><br>Case No. 2:24-cv-918 RJS DBP<br><br>Judge Robert J. Shelby<br><br>Magistrate Judge Dustin B. Pead |

Before the court is Plaintiff's Motion for Leave to File Under Seal.[1] Plaintiff the Securities and Exchange Commission (Commission), seeks to file under seal portions of its Motion and Memorandum in Support for Rule 37 Sanctions Against John S. Clayton, First Equity Holdings Corp., Timothy J. Rieu, and Chesapeake Group, Inc. (Motion for Sanctions) and the exhibits thereto.

Under DUCivR 5-3(b)(2)(C)(i), the Commission provides that the basis for filing under seal is that the Motion for Sanctions discuses documents Defendants have designated as Confidential under the Court's Standard Protective Order.[2]

---

[1] ECF No. 226.

[2] DUCivR 5-3(b)(2)(C)(i) (2025) provides "If the sole basis for proposing that the Document be sealed is that another party designated it as confidential or for attorneys' eyes only, then so state that reason in the motion. If the designating party seeks to have the Document remain under seal, the designating party must file a Motion for Leave to File Under Seal in accordance with DUCivR 5-3(b)(2) within 7 days of service of the motion. If the designating party does not file a motion within 7 days, the original motion may be denied, and the Document may be unsealed without further notice."

The Motion to File Under Seal is GRANTED.

IT IS SO ORDERED.

DATED this 24 November 2026.

Dustin B. Pead
United States Magistrate Judge